**Armando GONZALEZ–GARCIA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70262.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 25, 2008.

David Neumeister, Bakersfield, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., John S. Hogan, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

Armando Gonzalez–Garcia, a native of Mexico and lawful permanent resident, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") removal order. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand for further proceedings.

The IJ concluded that Gonzalez–Garcia engaged in alien smuggling due to his "complicity with the actions of his uncle and [the alien]." Neither the IJ nor the BIA had the benefit, however, of this court's decision in *Altamirano v. Gonzales,* 427 F.3d 586, 596 (9th Cir.2005) (concluding that the alien smuggling statute requires more than knowledge and presence; it requires "an affirmative act of assistance or encouragement"). In accordance with *INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam), we remand for further proceedings in light of *Altamirano.*

**PETITION FOR REVIEW GRANTED; REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).